# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA

In Re:

NORA DE LOS SANTOS

Debtors

No 15-16792 - EPK

MOTION TO VACATE DISMISSAL
ORDER SIGNED May 21, 2015

## MOTION TO VACATE DISMISSAL

The debtors hereby move this court for an order vacating the order of dismissal entered on May 21, 2015. The debtor seeks this relief because the order should be vacated on the basis of excusable neglect.

The motion is based on the subjoined declaration of William Blackwell below.

Motion to Vacate

The court may vacate an order in this case pursuant to Federal Rule of Civil Procedure 60(b)(1) for excusable neglect and (6). In this particular case, counsel for the debtor was out of the country attending a wedding beginning May 15th through May 18th, 2015. When counsel realized that he would not be available for the meeting of creditors, counsel emailed the Trustee requesting a continuance of the meeting of creditors.(See Exhibit A).

The debtor in this case is elderly and faces challenges concerning mobility due to health issues. Counsel, expecting that the meeting of creditors would be rescheduled, advised the debtor to not attend the meeting of creditors. No creditor would have been harmed or prejudiced

William Blackwell, PA
12401 W Okeechobee Rd, Lot 514
Hialeah Gardens, FL 33018
P: 305-219-2024
E: Wblackwe1657@gmail.com

MOTION TO VACATE          - 3 -

had the meeting been continued and will not be prejudiced or harmed should the dismissal be vacated and the case reopened.

The United States Supreme Court identified several factors that should be considered when determining whether an order should be vacated as a result of excusable neglect. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership* 507 US 395. These factors are: (1) danger of prejudice to the debtor; (2) the length of time and its potential impact on the judicial proceedings; (3) the reason for the delay; and (4) whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.* at 395.

In this case, the factors favor vacating the order. The debtor would be significantly prejudiced by the dismissal of this case; the debtor sought the right of bankruptcy as a result of debt incurred by the debtor as well as the pending foreclosure sale of the debtor's property. Regarding the second factor, while counsel may have given the Trustee tardy notice for a continuance, counsel emailed the Trustee as soon as he realized that he would not be back in time for the meeting of creditors requesting a continuance.

The error and excusable neglect was a result of counsel's legal assistant booking the return flight one day later than counsel had instructed. As soon as counsel realized the mistake, he made a good faith effort to give the Trustee notice and thus acted in good faith. This is demonstrated by the email sent to Trustee as soon as counsel realized the mistake. (See exhibit A). While notice was not given through motion, counsel did not file a motion because he believed that his return flight would have returned May 17, 2015 as instructed. Based on these circumstances, this court should vacate the order of dismissal entered May 21, 2015.

MOTION TO VACATE — 4 —

Dated this 4th day of June 2015

_____
William Blackwell
Attorney for Debtor

I, William Blackwell declare as follows:

1. I was in attendance of a wedding in which I took part in Puerto Rico from May 15th thru May 18, 2015;

2. I had instructed my legal assistant to book the flight with the return flight being on Sunday, May 17th, 2015 to ensure I would be back in time for the meeting of creditors in this case;

3. My legal assistant erred when booking the return flight, booking it to return on May 18th, 2015 instead of May 17th, 2015;

4. I did not realize that this mistake had been made until Sunday, May 17th, 2015 once I was preparing to leave and print out my boarding pass;

5. Upon realizing that my flight back was not until May 18th, 2015, I immediately emailed the Trustee requesting a continuance of the meeting of creditors;

6. I instructed the debtor to not attend the meeting of creditors as I believed that it would be continued;

7. The debtor in this case is elderly and suffers from medical conditions that significantly impacts her ability to move around and attendance at the meeting of creditors would have imposed a hardship on the debtor had I not been there;

8. Vacating this order will not harm creditors in this case because the creditors have already taken action due to the dismissal that is likely not reversible.

MOTION TO VACATE                                    - 5 -

William Blackwell, PA
12401 W Okeechobee Rd, Lot 514
Hialeah Gardens, FL 33018
P: 305-219-2024
E: Wblackwe1657@gmail.com

I make this declaration under the penalty of perjury under the laws of Florida in Hialeah Gardens, FL on this 4th day of June, 2015.

William Blackwell

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Notice of Hearing was mailed this 4th day of June, 2015 to:

Trustee
Deborah Menotte
POB 211087
West Palm Beach, FL 33421
(561) 795-9640

Citimortgage
1000 technology drive MS,
O Fallon, MO 63368

Chanteclair Villas
KONYK & LEMME, PLLC
Attorneys for Creditor
777 South Flagler Drive
Suite 800 - West Tower
West Palm Beach, Florida 33401
Phone: (561) 935-6244
Fax: (561) 935-5494
tml@lawkl.com
By: *Theresa M. Lemme*
Theresa M. Lemme
Attorney for the Association
Florida Bar No. 016322

Bank of America
P.O. Box 851001,
Dallas, Texas, 75285

MOTION TO VACATE  - 6 -

William Blackwell, PA
12401 W Okeechobee Rd, Lot 514
Hialeah Gardens, FL 33018
P: 305-219-2024
E: Wblackwe1657@gmail.com

# EXHIBIT A

From: **william blackwell** <wblackwe1657@gmail.com>
Date: Sun, May 17, 2015 at 11:48 AM
Subject: nora de los santos 341 meeting
To: dmenottetrustee@gmail.com

Ms. Menotte,

I apologize for the latency of contacting you. I am contacting you in order to reschedule the 341 meeting since i will be out of the country until 7 pm tomorrow. Because of the local rules i cannot get coverage for the 341 meeting and thus need to reschedule.

Sincerely,

William Blackwell

1